ETZKORN v. LEVY et al.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

JOINT ADVENTURES ☞7—CONTRACT OF EMPLOYMENT—AUTHORITY TO EMPLOY.
　　Where three parties engaged in a joint adventure and agreed that all contracts involving the expenditure of more than $100 should be signed by all three parties, there was no holding out by defendant of another

party as his agent, so that plaintiff employed by such other party in person for a fixed sum, without knowledge of the defendant, was bound by the terms of such party's authority.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 8; Dec. Dig. ☞7.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by John C. Etzkorn against Abraham J. Levy, impleaded with Coleman F. Madden and George W. Lederer. From a judgment for plaintiff, after a trial by a judge without a jury, defendant Levy appeals. Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Gerald B. Rosenheim, of New York City, for appellant.
Benjamin H. Cohn, of New York City, for respondent.

BIJUR, J. Plaintiff sues for four weeks' wages as a carpenter, at $50 a week, under an engagement for at least four weeks. He was employed by the defendant Lederer, who was not served with process. It appeared that the three defendants had engaged in a certain joint venture, and that in the agreement between them it was provided that "all contracts involving an expenditure of more than $100 shall be signed by all three parties." The plaintiff was employed by defendant Lederer in person, and at the time of such employment plaintiff conceded that he was not aware of the joint venture, or of any interest of the appellant therein. It is evident, therefore, that there was no holding out by the defendant Levy of the defendant Lederer as agent in any respect. Plaintiff was therefore bound by the terms and limitations of Lederer's authority. Under the circumstances the agreement made by Lederer was one to which he could not bind the defendant.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.