AMERICAN MUTUAL LIABILITY INS. CO. *v.* HANNA,
ZABRISKIE & DARON.

1. CONFLICT OF LAWS—STIPULATIONS IN CONTRACTS—CONSTRUCTION
OF CONTRACTS.

Notwithstanding clause of contract between construction company
and company furnishing financial assistance in joint adventure
provided that it was to be construed according to the laws of
Michigan, where subsequent contract between such members of
joint adventure limiting liability of the respective members
was made in New York and was to have effect there, the law
of New York must govern in construction of such contract of
limitation.

2. JOINT ADVENTURES—PARTNERSHIPS—MUTUAL AGENCY.

While joint adventures are similar in many ways to partner-
ships, they are separate and distinct legal relationships and
in a joint adventure there is no mutual agency as to third
parties in the absence of an agreement, express or implied.

3. SAME—AUTHORITY OF MEMBERS TO BIND OTHER MEMBERS—CON-
TRACTS.

There can be no implied authority on the part of one member of
a joint adventure to bind the other member without the latter's
consent where there was an express agreement made restricting
authority and liability on contracts made by the respective
members with third parties.

4. SAME—THIRD PARTIES—KNOWLEDGE OF EXISTENCE OF RELATION
OF JOINT ADVENTURERS.

In either New York or Michigan where a third party deals
with one member of a joint adventure and such member incurs
liability to such third party, who is not then aware of fact
that obligor and others are interested in the subject matter as
joint adventurers who had theretofore executed between them-
selves a contract restricting the authority of either to bind
the other within the scope of the business, the third party
could not hold liable parties not known by obligee to be in-
terested in the joint adventure at time the liability was in-
curred.

5. SAME—PUBLIC CONSTRUCTION—INSURANCE—PREMIUMS—CONTRACT
   NEGATIVING LIABILITY.

   Insurer who extended credit solely to construction company in
   sole charge of certain work on a grade separation project in
   New York, where statute requires that public liability and
   workmen's compensation insurance be obtained but does not
   provide who shall be responsible for the insurance premiums,
   could not look to other member of joint adventure who fur-
   nished financial assistance in the work for payment of pre-
   miums where credit was extended at a time when insurer was
   unaware of existence of relation of joint adventure between the
   members thereof who had contracted between themselves to
   limit their liability for obligations incurred by the other.

6. SAME—PUBLIC CONSTRUCTION—INSURANCE—CONTRACT NEGATIVING
   LIABILITY OF MEMBERS FOR OTHER'S OBLIGATIONS—RATIFICATION—
   EVIDENCE.

   Ratification of personal obligations for balance of insurance
   premiums of active member of joint adventure, engaged in
   certain public construction work for which statute required
   that public liability and workmen's compensation insurance be
   obtained, was not established on part of other member by
   reason of fact that defendant associate had indorsed checks
   for premiums which had been paid out of funds furnished by
   it, where credit for insurance premiums had been extended to
   active member without knowledge of fact that there was a joint
   adventure or that defendant was in any way interested, and
   the members of the joint adventure had treated the liability
   for insurance premiums as an obligation of the active member,
   in view of the existence of contract expressly negativing the
   liability of each for the other's obligations.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted January 7, 1941. (Docket No. 8, Calendar
No. 41,066.) Decided May 21, 1941.

Assumpsit by American Mutual Liability Insur-
ance Company, a Massachusetts corporation, against
Hanna, Zabriskie & Daron, a Michigan corporation,
and Washington Construction Company, a Delaware
corporation, for insurance premiums. Judgment for
plaintiff against defendant Washington Construc-

tion Company. Judgment for defendant Hanna,
Zabriskie & Daron. Plaintiff appeals. Affirmed.

*Field, Lovejoy & Kaplan* (*Benjamin W. Grant,*
of counsel), for plaintiff.

*Black & Black,* for defendant.

Chandler, J. This is an appeal by the American
Mutual Liability Insurance Company from a judg-
ment of no cause of action against the defendant
Hanna, Zabriskie & Daron Company. The cause
was heard upon a stipulated set of facts and upon
the testimony of Mr. Hanna of defendant company.

On October 24, 1935, the Hanna company by
written agreement entered into a joint adventure
with the Washington Construction Company, one of
the defendants herein, for construction of a grade
separation project in New York State. In August
of 1935, the Washington Construction Company had
obtained and entered into a contract for this work
and was in need of financial assistance. The Hanna
company was appealed to to supply the necessary
finances to complete the construction and provide
certain equipment for that purpose. The Wash-
ington company was to have charge of the actual
construction work. The contract in question be-
tween the Washington and Hanna companies pro-
vided for the furnishing of finances by the Hanna
company for which the Washington company was
to give its notes, and also provided for the furnish-
ing of certain equipment by the first-named com-
pany. A clause in the contract provided that such
contract should be construed according to the laws
of the State of Michigan. The work to be performed
under the construction contract by the Washington
company was on Staten Island and, after the date

of the written contract between the two defendants herein, Mr. Hanna, president of the Hanna company, and a Mr. White, president of the Washington company, were in New York where the construction was under way, and Mr. Hanna testified that the following oral agreement was then made between himself and Mr. White: "I said * * * to Mr. White: 'I think we have got to have an understanding that the acts of the Washington Construction Company, or any agreements or commitments that you may make, will not be binding upon Hanna, Zabriskie & Daron, or in any way obligate them under those agreements.' And Mr. White agreed that that was perfectly reasonable and acceded to that demand. * * * Mr. White agreed that that was reasonable, but he came right back and demanded that if we wanted that concession on the part of the Washington Construction Company, that they in turn should be in a like manner protected against any obligation which Hanna, Zabriskie & Daron might undertake as being binding upon the Washington Construction Company, and I agreed to that, because that only seemed reasonable."

Mr. Hanna was the only witness sworn upon the trial of the case. A stipulation of facts was entered and filed to the effect that the Washington Construction Company was indebted to plaintiff in the sum of $4,105.58 with interest at the rate of 5 per cent. per annum from September 25, 1937, and judgment was entered against said Washington Construction Company. It was further stipulated that if there was any liability on the part of the defendant Hanna company, it would be in the amount of $3,216.44 with interest from the above date. We quote what we consider the essential portion of the stipulation of facts as bearing upon the questions hereinafter to be determined:

## "III

"All the contracts for insurance with plaintiff, upon which plaintiff sues in this case, as well as all insurance policies, or indorsements, renewals, riders, or modifications thereon and thereof, issued by plaintiff in pursuance of said contracts of insurance, sued upon herein, were contracted for and written in the name of defendant Washington Construction Company only, and commencing January 25, 1938, plaintiff made written demands upon the defendant, Hanna, Zabriskie & Daron, as well as the defendant, Washington Construction Company, Inc., for the payment of the premiums on the insurance past due on the insurance contracts sued upon herein.

## "IV

"At the times when said contracts of insurance sued upon by plaintiff in this case were entered into by and between plaintiff and defendant Washington Construction Company, plaintiff did not know of any alleged joint venture, or other relation, between said defendants with reference to any construction work, or of any interest of defendant Hanna, Zabriskie & Daron in the said contract for construction work of defendant Washington Construction Company with McElroy & Kerwin, Inc., or the work being performed thereunder by defendant Washington Construction Company.

## "V

"All accounts, records, monthly billings, statements, and other written demands by plaintiff, carried, issued, forwarded and delivered, for premiums on insurance due, current or delinquent, on insurance contracts, sued upon by plaintiff herein, were in the name of defendant Washington Construction Company as debtor, solely and personally.

## ."VI

"At the time the contracts for insurance herein sued upon by plaintiff, were made by plaintiff with

defendant, Washington Construction Company, Inc., and at all times thereafter, defendant Hanna, Zabriskie & Daron in no way represented, nor held out, to plaintiff, said defendant Washington Construction Company, Inc., as agent in any respect or otherwise, for said defendant Hanna, Zabriskie & Daron, or as having any authority, express or implied, to bind Hanna, Zabriskie & Daron, personally, on any contracts entered into by defendant Washington Construction Company, Inc., personally, with plaintiff except as such agency may or may not exist by operation of law under the terms and conditions of the contract between defendant Washington Construction Company, Inc., and the defendant Hanna, Zabriskie & Daron, and knowledge of which contract plaintiff did not acquire until on or about January 25, 1938.

"VII

"The contract for construction work by and between Washington Construction Company and McElroy & Kerwin, Inc., required the procurement of the compensation insurance and public liability insurance supplied by the plaintiff in this case and contracted for by said Washington Construction Company, upon which policies this suit for premiums is being brought."

The stipulated conclusions of law provided that the contract for insurance entered into between the plaintiff and defendant Washington Construction Company is a New York contract and was performed in the State of New York, and that the relation of defendants Washington company and Hanna company was that of joint adventure.

The agreed questions of fact to be determined were stipulated as follows:

"I

"Was there an agreement by and between the two defendants, Washington Construction Company and Hanna, Zabriskie & Daron, with reference to the

performance of the construction contract of defendant Washington Construction Company with McElroy & Kerwin, Inc., on the B. & O. Staten Island job, that neither of said defendants would enter into any contracts or obligations looking to binding the other said defendants personally without that other said defendant's agreement or consent to such obligation?

"II

"Did defendant Washington Construction Company obtain the specific consent or agreement of defendant Hanna, Zabriskie & Daron to obligate or bind defendant Hanna, Zabriskie & Daron personally on any contract for insurance to and with plaintiff American Mutual Liability Insurance Company?"

The trial court found, as a matter of fact:

"The proofs in the case then consist of a stipulation of facts and the undisputed testimony of Harvey Hanna. From these proofs it becomes apparent to the court that the two defendant companies entered upon a joint venture covering one particular project, and with a well-defined limitation upon the right of either to bind the other by reason of obligations entered into without the knowledge of the other."

The agreed questions of law to be determined by the court were stipulated as follows:

"I

"Is the obligation of defendant Hanna, Zabriskie & Daron to plaintiff herein, to be determined by the laws of the State of Michigan or the laws of the State of New York?

"II

"If the agreement set forth in question 1 of the stipulated questions of fact herein did exist, is the plaintiff bound or barred thereby, and is defendant Hanna, Zabriskie & Daron absolved from liability herein?

"III

"If the agreement set forth in question 1 of the stipulated question of fact herein did exist and is held to be binding upon the plaintiff, still, assuming that the type of insurance furnished and sued upon by plaintiff was contemplated by all parties and necessary by the law of New York, did defendant Hanna, Zabriskie & Daron thereby impliedly consent and agree in advance that the defendant Washington Construction Company had authority to bind defendant Hanna, Zabriskie & Daron personally on the obligations of indebtedness for said insurance with the plaintiff?"

As we view the instant case the controlling question of law on the Hanna company's liability is as follows: Can one who is a member of a joint adventure, but who is unknown to be such at the time by a third person, who enters into a contract with another member individually, be rendered liable thereunder if the contracting member in making such contract exceeded his authority or had no power to bind his associates thereby? The first question raised by the appellant is whether the law of New York or the law of Michigan should be applied. The result would undoubtedly be the same in either jurisdiction, but since the agreement limiting the liability was made in New York and was to have effect there, it is our view that the law of New York must govern. The trial court entertained similar views.

In many ways a joint venture is similar to a partnership. However, it must be remembered that they are separate and distinct legal relationships. The law does not attach the same legal consequences to them. Because there is a joint adventure, it does not necessarily follow that there is a mutual agency even as to third parties. It was held in *Wrenn* v.

*Moskin,* 226 App. Div. 563 (235 N. Y. Supp. 405), that there is no authority for one joint adventurer to act as the agent of the other in the absence of an agreement, express or implied.

In the instant case, there was an express agreement made in the State of New York restricting authority and liability, hence the Hanna company cannot be said to have given its implied consent and there was no claim that there was any express authority. This case is very similar to that of *Etzcorn* v. *Levy,* 159 N. Y. Supp. 801, where it was held that a third party was bound by an agreement between two joint adventurers restricting the authority of either to bind the other within the scope of the business, the relationship being unknown, when the third party executed the contract. From a reading of the New York cases, it becomes clear that the restrictive agreement is valid and the Hanna company is not bound on contracts of insurance made by the Washington company wherein the Washington company alone was given the security incident to such contracts of insurance, and we have no hesitancy in declaring that under the circumstances of the instant case, if the Michigan law was applied, the result would be the same. We here have a case wherein the plaintiff was dealing with the Washington company alone; it had no knowledge that the two defendants were engaged in a joint enterprise or joint adventure; what their agreement was relative to a division of the profits, if any; what their restrictions were, if any, as to liability. The Hanna company so far as plaintiff was concerned was an entire stranger in all of its dealings with the insured.

Appellant cites many cases in support of its contention that the law of joint adventure is governed by the same rules as that of partnership. However, we fail to find any cases among the numerous ones

cited by it where such liability has been imposed in a case where the facts are at all similar to those in the instant case. It was always in those cases where the parties were known by the third party to be joined together in a joint enterprise or adventure, and where they were known to be acting to achieve a common end.

Appellant further contends that inasmuch as the type of insurance sold by it to the Washington company was required to be furnished by the laws of the State of New York that the Hanna company thereby impliedly consented and agreed that the defendant Washington Construction Company had authority to bind it personally on the obligation for premiums for said insurance with the plaintiff.

This question was before the trial court who made the following determination:

"Plaintiff further insists that because public liability and workmen's compensation insurance was required by the statute of New York, there was implied authority in the Washington Construction Company to procure such insurance in the name of both defendants as joint adventurers. The statute, however, makes no mention as to who must pay for such insurance. That obligation rests entirely in private contract. The statute, as a matter of public policy, merely requires that certain protective insurance be in existence. The cost of such insurance may be placed wherever the parties by agreement wish to place it. The statute raises no implication that both defendants, in the face of an agreement otherwise, were to be responsible for such insurance premiums."

We adopt the opinion of the trial judge as determinative of this question raised by appellant.

Appellant also contends that defendant Hanna company as a coadventurer with the Washington

Construction Company consented, agreed to, ratified, and obligated itself on the contract of insurance entered into between the Washington company and the plaintiff.

The trial court specifically found, which finding is supported by the record, that there was a definite agreement between the defendants by which the authority of either company to bind the other by commitments made by either without the consent of the other was clearly negatived. A careful review of the record discloses no conduct by the Hanna company, the effect of which would ratify the obligation incurred by the Washington company to the plaintiff, unless it might be said that the Hanna company, by the indorsement of checks which were payable to the plaintiff for insurance obtained by the Washington company, bound itself to assume and pay the premiums on all insurance contracts involved in the construction of the Staten Island job which were incurred by the Washington company to plaintiff. If the plaintiff had had knowledge of the original contract between the two defendants at the time it extended credit to the Washington company, and had no knowledge of the restrictive agreement later entered into by said defendants, there might be some merit to the claim of appellant that appellee had become obligated by such conduct, and the court might be justified in holding that this had constituted a ratification by appellee. However, the plaintiff at the time the obligation was incurred, and for many months thereafter, had no knowledge of any contractual relationship between the two defendants or that the Hanna company was in any way interested, and extended credit solely to the Washington company. Both of the defendants were well aware of the latter agreement between themselves which expressly limited the liability of the Hanna company

as a coadventurer with the Washington company, and treated the indebtedness for insurance as an obligation of the latter company.

Under the original contract between these two defendants the Hanna company agreed to provide and supply the necessary finance and credit to the Washington company for the completion of its contract with McElroy-Kerwin, Inc. The Hanna company was also to provide the major equipment, tools and machinery for carrying on the construction work. The Washington company was to open an account in the Manufacturers National Bank of Detroit with money furnished by the Hanna company as an advancement, and said Hanna company was to further advance moneys by the deposit in said Washington Construction Company's Detroit bank account as moneys were needed by said Washington company, for which sums of money the Washington company was to deliver to the Hanna company its promissory note in the usual form, which notes were to be paid and canceled out of the funds of the Washington company which were to be received by the Hanna company pursuant to an assignment by the Washington company to it of all sums of money becoming due on the McElroy-Kerwin contract. True, the contract further provided that all checks drawn by the Washington company on said account should be indorsed by the Hanna company or one of its officers or agents. Under these circumstances it cannot be said that the Hanna company in permitting the Washington company to pay some of its personal obligations out of this fund thereby became liable for any balance due on such individual obligation of the Washington company. The contract between these two defendants contemplated an eventual accounting between them. We cannot therefore find anything in the conduct of the Hanna company that would give to the Washington company

any implied authority to obligate the Hanna company in violation of the express agreement between the defendants limiting the authority of either to obligate the other for any personal obligations.

We find that the trial judge was not in error in entering a judgment against the Washington Construction Company in favor of the plaintiff and dismissing plaintiff's suit as to the Hanna company. Judgment is affirmed, with costs to the Hanna company, appellee, against appellant.

Sharpe, C. J., and Bushnell, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred.