### MORAN *v.* NAFI CORPORATION.

HUSBAND AND WIFE—LOSS OF CONSORTIUM—WORKMEN'S COMPENSATION ACT.

Action by wife of employee, injured during and in the course of employment, by reason of alleged negligence of employer, for loss of consortium is ordered dismissed in view of exclusiveness of remedy for injuries to employees provided by the workmen's compensation act (CL 1948, § 411.4).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted February 5, 1963. (Calendar No. 47, Docket No. 49,693.) Decided July 17, 1963.

Case by Lena C. Moran against Nafi Corporation, a Michigan corporation, for damages for loss of consortium of husband, injured while in the employ of defendant. Motion to dismiss denied. Defendant appeals. Reversed and remanded with instructions to grant motion to dismiss.

*L. Edwin Wenger,* for plaintiff.

*Vandeveer, Haggerty, Doelle, Tonkin & Kerr* (*Stanley E. Beattie* and *Thomas C. Mayer,* of counsel), for defendant.

O'HARA, J. On February 25, 1960, this Court in a 4-to-3 decision with 1 Justice not participating,

REFERENCES FOR POINTS IN HEADNOTE

58 Am Jur, Workmen's Compensation § 58.
Workmen's Compensation Act as precluding common-law action by husband or wife of the injured employee. 104 ALR 346.

changed the law of our State in order to permit a wife to bring a separate action for loss of consortium. *Montgomery* v. *Stephan,* 359 Mich 33. Whatever our view now as to the correctness of the judicial pronouncement in *Montgomery* relating to the existence of the cause of action, it stands, at least for the present, as to the circuit bench of our State, the controlling law, and loss of consortium is actionable if properly asserted.

On April 21, 1961, plaintiff wife, in the instant case, filed her declaration and asserted her cause of action arising from, or at least permitted under, that decision.

However, important differences exist between this case and *Montgomery.* In *Montgomery,* plaintiff-wife sued a tortfeasor otherwise unrelated to her injured husband. Here plaintiff wife seeks damages for loss and invasion of consortium from her husband's employer against whom an award had been entered by the workmen's compensation commission for the husband, which award carried an additional $3 weekly benefit by reason of her dependency.

We do not regard the additional $3 benefit as controlling. If plaintiff has an action in her own right maintainable against her husband's employer, despite his receipt of compensation benefits, 3 additional dollars a week to him as a dependency[1] increment will not defeat it. The right of action we deal with here is hers and hers alone. The question is neither what he receives, nor for what he receives it. The real question is whether the Michigan workmen's compensation act is declarative only of the rights of the injured workman, or whether it was legislatively intended to limit the liability of the employer to the schedule of payments therein contained, and to bar action by any other person against him

---

[1] See CLS 1956, § 412.9 (Stat Ann 1960 Rev § 17.159).—REPORTER.

as the result of an injury to the employee, where the employee's right to compensation is determinable under the act.[2]

Defendant's motion to dismiss does not in this case raise the question of the sufficiency of the declaration in stating a cause of action for loss of consortium as that term is defined in *Montgomery*. For that reason we do not pass upon that issue here and leave it for decision in a case wherein it may be presented.

In this case, first, we must inquire whether any Michigan decision is squarely in point and controlling of the issue. Cases decided before February 25, 1960, cannot decide the question for the rather obvious reason that we deal with a right which was not recognized in this State prior to that date, and no case between the issuance date of *Montgomery* and the present has been cited, nor has our research revealed one which controls. We deal then with a case of first impression.

Since no Michigan case is controlling, our next step is to examine those cases in our jurisdiction which are applicable by analogy—those cases which deal with rights asserted by others than the injured employee for damages in a separate action, yet growing out the accidental injury to the employee. Again, none of the cases cited is precisely in point, and as before noted, for the reason that we deal with a previously unrecognized right. We have studied carefully the cases in this category cited and urged by appellant as indicative of legislative intent. They involve, it is true, separate (so-called) rights or causes of action. Yet in each Michigan case cited the cause of action is intertwined with the underlying concept of support and a loss thereof. As noted by our distinguished Chief Justice in his concurring

---

[2] See quotation of section, *post*.—Reporter.

opinion, the case of *Wall* v. *Studebaker Corp.*, 219 Mich 434, is reflective of our settled view on the exclusivity-of-remedy question.

No analogous Michigan cases controlling, we turn to the Federal cases cited and those of sister States. *Fernandez* v. *Flint Board of Education* (CCA 6), 283 F2d 906, is subject to the same infirmity as some Michigan cases. In that case, the personal representative of the deceased sought to recover pecuniary damages already specifically included statutorily in the death benefit under our compensation act[3] and thus clearly constituted double recovery.

Other Federal cases, however, notably *Hitaffer* v. *Argonne Co., Inc.*, 87 App DC 57 (183 F2d 811, 23 ALR2d 1366), decided May 29, 1950, certiorari denied 340 US 852 (71 S Ct 80, 95 L ed 624), October 16, 1950, and *Smither & Company, Inc.*, v. *Coles*, 100 App DC 68 (242 F2d 220), decided February 21, 1957, certiorari denied 354 US 914 (77 S Ct 1299, 1 L ed 2d 1429), June 10, 1957, deal squarely with the problem before us.

Were *Hitaffer* still the law, appellee here could take comfort therefrom. Decided by 3 of the 9 judges of the United States court of appeals, District of Columbia Circuit, *Hitaffer* construed language of the longshoremen's compensation act (33 USCA § 905), the same being considerably more restrictive than comparable provisions of our own act:

"The liability of an employer * * * shall be exclusive and in place of all other liability of such employer to the employee, *his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.*" (Emphasis supplied.)

---

[3] See CLS 1956, § 412.5 (Stat Ann 1960 Rev § 17.155).—REPORTER.

Yet *Hitaffer* permitted the wife to recover for loss of consortium against the employer.

But *Hitaffer* was short-lived. A brief 7 years later the question was again before the same court. See *Smither & Company, Inc.,* v. *Coles, supra.* This time the full 9-judge panel sat, *en banc.* The complexion of the Court had changed somewhat. Judge Clark, who wrote *Hitaffer* was deceased. Judges Miller and Fahy who had concurred, were still members. In a 6–3 decision *Hitaffer* was specifically overruled. Judge Miller changed his opinion; Judge Fahy, Chief Judge Edgerton, and Judge Bazelon joining, held for the rule announced in *Hitaffer.* Thus the latter case is no longer law and under the more exclusive longshoremen's act, the right of a wife to recover from husband's employer is not now recognized.[4]

Be it carefully noted that *Smither* does not pretend to challenge the right of a wife to damages for loss of consortium as a general or basic concept. Rather it challenges the assertability of that right against the employer where the Federal act above mentioned obtained. The language of the longshoremen's act, *supra,* fairly read, is much more exclusionary than ours, for congress thereunder clearly and unequivocally excluded actions by the wife or anyone else against the employer where the injury to the employee was covered by the act.

---

[4] "On this score, all that the plaintiffs have is *Hitaffer* v. *Argonne Co.* (1950), 87 US App DC 57 (183 F2d 811, 23 ALR2d 1366), cert denied 340 US 852 (71 S Ct 80, 95 L ed 624), which did hold that exclusive is really not exclusive. But *Hitaffer* while launched and afloat never really got underway. Within 5 years its architects rejected it as unsuitable (hence inapplicable) to transport a death case. [*Brown* v. *Curtin & Johnson, Inc.* (1955), 95 App DC 234 (221 F2d 106).] And it was not long until it was abandoned and reversed. And in its short life it never, on this point, attracted any support. On the contrary, every State and Federal case rejected it as unsound." *Thibodeaux* v. *J. Ray McDermott & Co., Inc.* (CCA 5), 276 F2d 42, at p 48.

Next, we must consider the assertion that if the husband's cause of action for loss of consortium is barred by our workmen's compensation act, so likewise is the wife's. We do not consider this postulate tenable. This assertion is based on the principle that where the party receiving the injury may not recover in tort, the one receiving an incidental or consequential injury may not recover. That rule is concerned with "derivative" injury in the sense that the derivee's action is barred because the principal's action is barred in tort for reasons of the insufficiency of the elements of the main tort action, not, as here, because the tort action was replaced by a recovery of scheduled payments for injury without proof of fault. We never reach the question of the maintainability of the principal's tort action in this case because he can't assert it. The infirmity is not in the elements of his cause of action, but because another recovery legislatively has been substituted for it. The asserted analogy does not apply, and we disturb no settled law in the field of consequential recovery so to hold.

Appellee contends that in the examination of the holdings from other jurisdictions, the classifications set out in 2 Larson, Workmen's Compensation Law, § 66.10, is at once accurate and helpful. We agree. These categories are first the "Massachusetts" type —the broadest where only the employee coming within the act waives his common-law rights against the employer. (Mass Gen L, ch 152.) The narrowest and most exclusionary is the "New York" group (as is also the longshoremen's act we have heretofore mentioned). This group, in explicit terms and name excludes personal representatives, wives, husbands, dependents, and everyone else. We believe Michigan rightly is included in a third grouping—the "California" type which makes the remedy under the workmen's compensation act "exclusive" but without

particular enumeration of those who may not maintain actions.

Nowhere in the cases cited to us nor in our research disclosed, do we find precedent for the assertability of the cause of action for loss of consortium against the husband's workmen's compensation covered employer under an act comparable to ours.

We are persuaded that in determining the question here presented, the general observation of the late, great liberal, Justice Brandeis in *Bradford Electric Light Co., Inc., v. Clapper,* 286 US 145, 159 (52 S Ct 571, 576, 76 L ed 1026, 82 ALR 696) is helpful.

Though in *Bradford* the distinguished jurist was really discussing the question of whether the action there involved was properly brought in Vermont or New Hampshire, he capsulized the socio-legal philosophy that underlay the enactment of workmen's compensation laws generally, in the following incisive language:

"For the purpose of that act [the Vermont workmen's compensation act], *as of the workmen's compensation laws of most other States,* is to provide, in respect to persons residing and businesses located in the State, not only for employees a remedy which is both expeditious and independent of proof of fault, *but also for employers a liability which is limited and determinate.*" (Emphasis supplied.)

We believe a fair appraisal of our act brings it within the purpose definition of Justice Brandeis. We believe the legislature intended, first, to produce a remedy for the injured workman in the nature of compensation. In the title of our act, only the word "compensation" appears where the award to the employee is limited.[5] The legislature, and we think

[5] PA 1912 (1st Ex Sess), No 10, as amended by PA 1937, No 61. "An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the disability or death * · * · *

significantly, in the final clause limiting the recovery against the employer, included the word "damages" in the following phraseology *"and restricting the right to compensation or damages in such cases to such as are provided by this act."*

Since the only award to the employee under the act is in the nature of compensation, the inclusion of "damages" in the restriction clause in the title would seem to indicate a legislative intent to permit recovery of damages only if the act so authorized.

Section 4[6] again adverts to this limitation. The section reads:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the *exclusive remedy* against the employer." (Emphasis supplied.)

Under the above section and the title of the act, as previously discussed, we believe any broadening of the base of recovery against the employer as a result of an industrial injury to include an action at law by any other person must, if it is to be authorized, be authorized by legislative action. We hold the legislative intent expressed in the act precludes the judicial construction contended for by plaintiff and adopted by the learned trial judge.

The order denying defendant's motion to dismiss is vacated and the case remanded to the circuit court with instructions to grant the motion to dismiss.

No costs, construction of a statute being involved.

BLACK, KAVANAGH, and SOURIS, JJ., concurred with O'HARA, J.

CARR, C. J. (*concurring*). While in the employ of the defendant corporation plaintiff's husband sus-

---

and restricting the right to compensation or damages in such cases to such as are provided by this act."

[6] CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144).

tained a physical injury causing disability for which he received compensation under the provisions of the workmen's compensation law of the State.* Plaintiff brought the present suit for damages for alleged loss of consortium, basing her claim on the case of *Montgomery* v. *Stephan,* 359 Mich 33, affirmatively asserting in reply to defendant's motion to dismiss that she had been granted a right of action for damages by said decision, and that the provisions of the workmen's compensation act of the State did not operate to bar her suit. The circuit judge before whom the motion to dismiss was heard entered an order denying it, and on leave granted defendant has appealed.

Prior to *Montgomery* v. *Stephan,* which was a 4-to-3 decision, an action for damages for loss of consortium on behalf of either spouse had not been recognized in Michigan as existing by virtue of statute law, common law, or judicial decision. Such right was denied in *Blair* v. *Seitner Dry Goods Co.,* 184 Mich 304 (LRA 1915D, 524, Ann Cas 1916C, 882) ; *Harker* v. *Bushouse,* 254 Mich 187; and *Bugbee* v. *Fowle,* 277 Mich 485. That the weight of authority throughout the country is in accord with the previous holdings of this Court is not open to question. Under the common law a married woman could not maintain such an action in the English courts. That causes of action may be created by legislative authority, and may likewise be abolished, is not open to question, but such measure of authority is not within the proper scope of the functions of the judiciary.

In the dissenting opinion in *Montgomery* v. *Stephan* we set forth at some length our reasons for disagreeing with creating by Court action the cause for suit here involved. It is unnecessary to repeat

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.,* as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 17.141 *et seq.*]).

what was there said. The question at issue should be given careful reconsideration. For the reasons there advanced plaintiff in the instant case was not entitled to maintain the action instituted by her in circuit court, and the circuit judge to whom the motion to dismiss was submitted should have so held.

We are in accord with the holding of Mr. Justice O'HARA that the rights granted by the workmen's compensation act to an employee who sustained an injury arising out of and in the course of his employment are exclusive. The provision of the title restricting the right to compensation or damages in such cases to such as are provided by the act is significant. Part 1, § 4 (CL 1948, § 411.4 [Stat Ann 1960 Rev § 17.144]), is in accord with the intent indicated by the title. Said section reads as follows:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

Permitting the maintenance of actions for damages in instances where the injured employee is entitled to, and has received, compensation under the statute would clearly be at variance with the express language as enacted by the legislature. Such an interpretation would mean that a dependent or other person claiming injury because of disability sustained by the employee might maintain suit to recover. No issue of such character was involved in *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich 8, as was pointed out by the Court in somewhat ambiguous language. The question was, however, squarely presented in *Wall* v. *Studebaker Corporation*, 219 Mich 434, in which the parent of a minor employee who received compensation for injuries sustained in his employment brought suit for loss of the son's wages to which the parent claimed he was entitled.

The Court quoted with approval part 1, § 4, of the statute as it then read, and stated (p 436):

"We think that the plain language of this statute clearly indicates that it was the intention of the legislature to abrogate the parent's right of action for loss of services of his minor child while employed under the compensation act."

The case was cited and followed in *Varga* v. *Detroit Edison Co.,* 240 Mich 593. In accord is the language of the court of appeals of the sixth circuit in *Fernandez* v. *Flint Board of Education,* 283 F2d 906. Of interest also are the opinions of the Illinois supreme court in *Wangler Boiler Co.* v. *Industrial Commission,* 287 Ill 118 (122 NE 366), and *Faber* v. *Industrial Commission,* 352 Ill 115 (185 NE 255), it appearing that the provisions of the Illinois statute are analogous to those of the Michigan act.

For the reasons indicated, we concur in the reversal of the order from which the appeal has been taken.

DETHMERS and KELLY, JJ., concurred with CARR, C. J.

SMITH, J. (*concurring*). I concur in the results for the reasons set forth in my opinion in *Balcer* v. *Leonard Refineries, Inc.,* 370 Mich 531.