BALCER *v.* LEONARD REFINERIES, INC.

HUSBAND AND WIFE—LOSS OF CONSORTIUM—WORKMEN'S COMPENSA-
TION ACT.

> Action by wife of employee, injured during and in the course of
> employment, by reason of alleged negligence of employer, for
> loss of consortium is ordered dismissed in view of exclusiveness
> of remedy for injuries to employees provided by the workmen's
> compensation act (CL 1948, § 411.4).

Appeal from Gratiot; Cash (Paul R.), J.   Sub-
mitted February 5, 1963.   (Calendar No. 46, Docket
No. 49,649.)   Decided July 17, 1963.

Case by Betty M. Balcer against Leonard Refin-
eries, Inc., a Michigan corporation, and others, for
loss of consortium as result of fire in refinery where
husband was employed.   Motion to dismiss by hus-
band's employer, Leonard Refineries, Inc., denied.
Defendant appeals.   Reversed and remanded for en-
try of order dismissing cause as to Leonard Re-
fineries.

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Mitts, Smith & Haughey (Sherman H. Cone,* of
counsel) and *Fortino, Plaxton, Deatrick & Sheldon
(Alfred J. Fortino,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

58 Am Jur, Workmen's Compensation § 58.
Workmen's Compensation Act as precluding common-law action by
husband or wife of the injured employee.   104 ALR 346.

Smith, J. Like *Moran* v. *Nafi Corporation,* 370 Mich 536, decided simultaneously, this case requires a determination of the question of whether the workmen's compensation act bars a wife from asserting against her husband's employer in a separate suit a claim for loss of consortium by reason of alleged negligence of the employer.

Plaintiff filed her declaration in 1961 against Leonard Refineries and others, alleging that on the 15th day of February, 1958, her husband, Robert Balcer, was employed by defendant and appellant, Leonard Refineries, and while so employed and working in the course of his employment was severely injured in an explosion and fire occurring on the premises of Leonard Refineries. It was alleged that Leonard Refineries was negligent in failing to construct, install, maintain and supervise, and operate, the tanks, pipes, valves, and gauges used in conjunction with the manufacture and storage of butane gasoline. She claimed damages by reason of her loss of consortium.

Leonard Refineries filed a motion to dismiss based upon (1), the failure of the declaration to state acts of negligence sufficient to constitute a cause of action; and (2), that plaintiff's cause of action for loss of consortium is barred by the workmen's compensation act. After hearing said motion, the trial judge held that plaintiff did state a cause of action and that her claim for loss of consortium was not barred by the workmen's compensation law. From his order denying defendant's motion to dismiss, we granted leave to appeal.

Determining as we do, that the workmen's compensation act provides the exclusive remedy against the employer, we do not come to the issue of whether the declaration sufficiently stated a cause of action in negligence. It is the opinion of the writer that we need go no further than the plain language of

the statute, supplemented by recent decision of this Court, to arrive at a proper disposition of this case.

Part 1, § 4, of the workmen's compensation law, CL 1948, § 411.4 (Stat Ann § 17.144), reads as follows:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

This Court said in the 1959 case of *Lahti* v. *Fosterling,* 357 Mich 578, at pp 584, 585, that:

"In dealing with the workmen's compensation act it is necessary occasionally to bring ourselves back to the original aims and purposes of the act in order to better understand the rights of the parties involved. * * *

"The act was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee and his dependents during the period of time he is incapacitated from work. This was the express intent of the legislature in adopting this law."

It would be sufficient, by reference to the 2 citations above, to conclude that the workmen's compensation act provides the exclusive remedy in cases such as this where the conditions of liability exist. However, because this case, and its companion, are important precedent-setting cases in Michigan, it is desirable to add that the position taken here has impressive support.

Many inquiries into this problem begin by citing 2 Larson's, Workmen's Compensation, § 66.10, p 141:

"There are 3 general types of 'exclusive liability' clause which, for present purposes, must be carefully identified with the cases that depend upon them; from the narrowest to the broadest, they are as follows: the Massachusetts type, which only says that the employee, by coming within the act, waives *his* common-law rights; the California and Michigan* type, which say that the employer's liability shall be 'exclusive', or that he shall have 'no other liability whatsoever'; and the New York type, which carries this kind of statute 1 step further by specifying that the excluded actions include those by 'such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death.'"

The author's comment at section 66.20, p 144, is:

"Even without the additional precaution of a list of third persons barred, the sweeping language used in describing the employer's immunity seems to indicate a legislative intention which is accurately reflected in the majority rule."

Justice O'Hara, in his opinion in *Moran* v. *Nafi Corporation,* discusses *Smither & Company, Inc.,* v. *Coles,* 100 App DC 68 (242 F2d 220). An excellent summary of the position as to why compensation laws provide the exclusive remedy in such cases is contained in the opinion in the *Smither Case.* Herewith, it is quoted in part (p 70):

"We are not unmindful, to paraphrase Mr. Justice Frankfurter and Judge Learned Hand, that the literal words of a statute sometimes can be misleading, and that we do not stop but only begin with the words. Sometimes the words are such that the purposes of the statute and the entire statutory scheme must be taken into account. *The words must be read and interpreted as a part of the whole.* (Emphasis supplied.)

---

* Reference is to part 1, § 4, quoted *supra.*—Reporter.

*"The history of the development of statutes, such as this,* creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, *recalls that the keystone was the exclusiveness of the remedy.* This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation." (Emphasis supplied.)

See, also, *Guse* v. *A. O. Smith Corp.,* 260 Wis 403 (51 NW2d 24).

Reversed with instructions that an order be entered granting the motion to dismiss made by Leonard Refineries, Inc.

No costs, a question of statutory construction being involved.

Black, Kavanagh, and Souris, JJ., concurred with Smith, J.

Carr, C. J. (*concurring*). For the reasons set forth in our opinion in *Moran* v. *Nafi Corporation,* 370 Mich 536, we concur in reversing the order of the circuit judge denying defendant's motion to dismiss.

Dethmers, Kelly, and O'Hara, JJ., concurred with Carr, C. J.