MAIURI *v.* SINACOLA CONSTRUCTION COMPANY.

1. Workmen's Compensation—Exclusive Remedy.
   The right to recovery of benefits under the workmen's compensation act is the exclusive remedy against the employer where the conditions of liability under the statute exist (CL 1948, § 411.4).

2. Same—Exclusivity of Remedy—Prior Claim Under Statute.
   The act of plaintiff parents in accepting a statutory burial allowance from defendant employer's workmen's compensation insurer and in filing a petition for adjustment of their claim under the workmen's compensation act for the death of their son constitutes a release to the employer of all claims or demand at law arising from the death (CL 1948, § 416.1).

3. Same—Exclusivity of Remedy.
   The employer is liable under the workmen's compensation act when an employee dies of injuries sustained in the course of his employment; therefore the remedy provided by the workmen's compensation act is the only one available to those aggrieved (CL 1948, § 411.4).

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted Division 1 December 6, 1967, at Detroit. (Docket No. 2,886.) Decided June 25, 1968. Leave to appeal granted August 20, 1968. See 381 Mich 772.

Complaint by Pasquale Maiuri and Amelia Maiuri against the Sinacola Construction Company, a Michigan corporation, for the wrongful death of plain-

References for Points in Headnotes
[1–3] 58 Am Jur, Workmen's Compensation § 64 *et seq.*

tiffs' son. Defendant's motion for accelerated judgment of dismissal granted. Plaintiff appeals. Affirmed.

*Metry, Metry, Sanom, Ashare & Goldman,* for plaintiff.

*Robert E. Fox,* for defendant.

Lesinski, C. J. The plaintiffs, Pasquale Maiuri and Amelia Maiuri, seek damages from the defendant, Sinacola Construction Company, for the loss of companionship of their son, Albert Dominic Maiuri, who died from injuries sustained when a chunk of earth fell and crushed his skull. The accident happened on July 30, 1964, while the deceased, in the defendant's employ, was connecting pipe in a 27' deep trench. At the time of his death, Albert Maiuri was 24 years old, unmarried, and was living at home with his parents. The defendant company was subject to the provisions of the Michigan workmen's compensation act, CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev and Stat Ann 1968 Cum Supp § 17.141 *et seq.*).

The plaintiffs charge the defendant with negligence, alleging it failed to comply with the safety requirements laid down by the highway department for the shoring up of construction trenches.

The plaintiffs assert a cause of action founded on the decision of the Supreme Court in *Currie* v. *Fiting* (1965), 375 Mich 440, in which the Court decided it would recognize a cause of action brought under the wrongful death act, CLS 1961, § 600.2922, as last amended by PA 1965, No 146 (Stat Ann 1965 Cum Supp § 27A.2922), for the loss of companionship of a child.

The defendant contends that the workmen's compensation act provided the exclusive remedy and that therefore it cannot be liable in an action at law.

The $500 statutory burial allowance* was paid to the plaintiffs by the defendant employer's insurer on November 6, 1964, and on November 7, 1964, Pasquale Maiuri signed a receipt acknowledging the payment. January 7, 1965, the plaintiffs filed an application for hearing and adjustment of claim with the workmen's compensation department. The employer defended on the ground of no dependency. On August 2, 1965, the claim was dismissed by the department on plaintiffs' request.

On this appeal from the accelerated judgment in favor of defendant, plaintiffs admit that they were in no way financially dependent on their son, and they contend that, therefore, the scope of the workmen's compensation act does not bar them from the $200,000 damages they claim they are entitled to for the loss of the companionship of their son.

The disposition of this contention is controlled by the analogy that *Moran* v. *Nafi Corporation* (1963), 370 Mich 536, bears to this case. In *Moran* the plaintiff wife alleged a cause of action for loss of consortium against her husband's employer, and she founded her claim on the Supreme Court's decision in *Montgomery* v. *Stephan* (1960), 359 Mich 33, in which Michigan for the first time recognized a cause of action in the wife for loss of consortium.

The Supreme Court held in *Moran* that the exclusivity of the remedies provided by the workmen's compensation act barred the action asserted. The interpretation was bedded in part 1, § 4 of the act:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive

---

* CLS 1961, § 412.8 (Stat Ann 1960 Rev § 17.158).

remedy against the employer." CL 1948, § 411.4
(Stat Ann 1960 Rev § 17.144).

The plaintiffs' argument that their action is
saved from the sweep of this provision is concluded
against them by the receipt they acknowledged of
the payment of the statutory burial allowance.
Without question, the circumstances of the tragic
death of Albert Maiuri did constitute the condi-
tions of liability of his employer under the act:
death came from injuries sustained during the course
of the decedent's employment. The workmen's
compensation act was applicable, and its remedies·
are exclusive. See *Herman* v. *Theis* (1968), 10 Mich
App 684.

*Moran* v. *Nafi, supra,* was preceded by a series of
decisions that clarify the issue before us by their
interpretation of the provisions of the workmen's ·
compensation act making the remedies under the act
exclusive.

In *Wall* v. *Studebaker Corporation* (1922), 219
Mich 434, a father brought an action against· the
employer of his minor son alleging a separate right
of action based on the loss of the services of his son.
The son had made an arrangement with the defend-
ant employer for compensation of his injury.· The
Supreme Court sustained a directed verdict for the
defendant, concluding that the exclusivity provision
of the workmen's compensation statute 'barred the
father's action at law.

In *Thomas* v. *Parker Rust Proof Co.* (1938), 284
Mich 260, the Supreme Court held that a wife's
action at law against her deceased husband's em-
ployer was barred by the workmen's compensation
act even though the act provided no compensation
to the wife since the occupational disease that caused
the husband's death was not at that time compen-
sable.

In *Sotonyi* v. *Detroit City Gas Co.* (1930), 251 Mich 393, a mother brought an action as administratrix of the estate of her minor son, whose dependent she claimed to be, charging that wilful negligence of the employer caused the son's death. Prior to bringing action, the mother had filed with the department of labor and industry a claim that was decided adversely to her. The Supreme Court affirmed the trial court's order granting the motion to dismiss, concluding that the mother was barred by her prior claim seeking compensation under the workmen's compensation act.

*Sotonyi* is in point with the facts here. The plaintiffs first accepted the $500 statutory burial allowance. Then they filed with the workmen's compensation department an application for adjustment of their claim which was later dismissed at their request. They would now claim to be free to obtain damages in this action at law. Part 6, § 1 of the act is applicable here:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury." CL 1948, § 416.1 (Stat Ann 1960 Rev § 17.212).

The applicability of section 416.1, *supra,* demonstrates conclusively that any remedy for the death of plaintiffs' decedent must be found within the scope of the workmen's compensation act, although it is clear on these facts that, even if no burial allowance had been paid and the plaintiffs had made no

claim under the act, the exclusivity provision of section 411.4 would still be applicable, since it is indisputable that death came to Albert Maiuri during the course of his employment by the defendant.

Harsh results seem to issue from these actions against employers in which the applicability of the workmen's compensation act bars relief in damages. But there is a strong rationale behind the provisions making remedies under the act exclusive. Mr. Justice Brandeis put is succinctly when he said that the purpose behind the enactment of workmen's compensation statutes "is to provide * * * not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate." *Bradford Electric Light Company, Inc.,* v. *Clapper* (1931), 286 US 145, 159 (52 S Ct 571, 76 L Ed 1026, 1035). Also, see *Jones* v. *Bouza* (1967), 7 Mich App 561.

Affirmed.

FITZGERALD and MCGREGOR, JJ., concurred.