GOODWIN *v.* S. A. HEALY COMPANY.

1. NEW TRIAL—ERROR—REVERSIBLE ERROR.
    The question to be decided in considering appeal from denial of a motion for new trial is not whether there was error but whether there was reversible error.

2. NEGLIGENCE—CONSTRUCTION SITE—SAFE WORKING PLACE.
    Construction work, by its nature, involves unusual risks in a progressively changing situation, requiring added diligence by those on construction sites.

3. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY.
    Workmen's compensation legislation which provides that it is the only remedy available to injured workers and eliminates the defense of contributory negligence was enacted pursuant to a public policy of making recovery for injured employees more certain (CL 1948, § 411.4).

4. SAME—EXCLUSIVE REMEDY—ACTIONS AGAINST THIRD PARTIES.
    Statutory provision that receipt of workmen's compensation benefits bars further actions against one's employer does not bar a tort action against a third party who injures an employee while he is on the job (CLS 1961, § 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 201 *et seq.*
[2] 35 Am Jur, Master and Servant § 183 *et seq.*
[3, 4] 58 Am Jur, Workmen's Compensation §§ 48, 60.
[5] 58 Am Jur, Workmen's Compensation §§ 344, 487.

5. SAME—JOINT VENTURE—INJURY TO CONSTRUCTION WORKER.

> All the parties to a joint venture are individually liable under
> the workmen's compensation act to an employee of any of
> the parties while working on the venture; therefore, they are
> all entitled to the defense of the workmen's compensation law
> in a tort action (CL 1948, § 411.2).

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 January 10, 1968, at Lansing. (Docket No. 2,612.) Decided September 26, 1968. Leave to appeal granted March 11, 1969. 381 Mich 806.

Complaint by Patricia M. Goodwin, administratrix of the estate of James H. Goodwin, deceased, against S. A. Healy Co.; Gargaro Co., Inc.; Barton-Malow Company; Clarence J. Winningham; Lyle Zelka; and Sumark Sand, Inc., for the wrongful death of plaintiff's decedent on defendants' construction job. Verdict for plaintiff against S. A. Healy Company, Gargaro Company, Inc., and Barton-Malow Company, and for defendants Winningham and Zelka and Sumark Sand, Inc. Motion of defendants S. A. Healy Co., Gargaro Co., and Barton-Malow Company for judgment *non obstante veredicto* granted. Plaintiff appeals. Affirmed.

*George LaPlata,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock,* for defendants Healy, Gargaro, and Barton-Malow.

*Robert E. Fox* and *Reginald Johnson,* for defendant Sumark Sand, Inc.

*George Gotshall,* for defendants Winningham and Zelka.

McGregor, J.  On October 26, 1962, an industrial accident caused the death of a young father working as a field engineer on a multi-million dollar public sewer construction project.  On the morning of his death, while performing a measuring task, the deceased had occasion to kneel behind a heavily loaded dump truck.  Unfortunately, the truck was accidentally driven back over the deceased, causing almost instantaneous death.

Four large construction companies undertook the sewer project as a joint venture.  The deceased was employed by three of the co-parties, while the truck was allegedly controlled by other co-parties.  The employer paid workmen's compensation death benefits; nevertheless, the present tort action was filed against the remaining co-parties, the truck driver and the truck owner.  After denial of motions for summary judgment and directed verdict, the jury returned a verdict of no cause of action against the truck driver and the truck owner, but held the joint venture co-parties liable for $224,300.  All parties claimed, as they claim in this Court, sufficient error to necessitate a new trial, while the co-parties to the joint venture filed for a judgment notwithstanding the verdict.  The court granted the judgment notwithstanding the verdict.

Motions for a new trial often accompany cases with many participants and large awards.  It is virtually impossible to examine the record of a complex trial without finding actions taken by the trial court that could have been improved upon.  The ultimate question, however, is not whether a trial was free from error, but whether reversible error was committed.  The record depicts courtroom confusion, primarily engendered by the divergent legal theories of numerous defense attorneys, but indicates no error impelling a new trial.

This appeal is mainly from the judgment notwithstanding the verdict. Two theories dominated the motion: (1) workmen's compensation benefits are the exclusive relief for the work-related death, CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144), and (2) that those on a large construction site have the duty to watch out for their own welfare. Both this Court and the Supreme Court have recognized that construction work, by its nature, involves unusual risks in a progressively changing situation, requiring added diligence by those on construction sites. *Milauckas* v. *Meyer* (1965), 1 Mich App 500; *Klovski* v. *Martin Fireproofing Corporation* (1961), 363 Mich 1. This does not mean that those who control construction sites are free to disregard the safety of persons on such sites, but it does illustrate the proof problem of a plaintiff and the formidable defense of contributory negligence in injury cases. The availability of these common-law defenses contributed to the genesis of workmen's compensation acts which provide smaller benefit awards than most successful tort actions, but claims under the workmen's compensation law are not subject to the defenses of contributory negligence, assumption of risk, or the fellow-servant rule.

In pursuance of the public policy of more certain recovery for injured employees under the workmen's compensation provision, the legislature made workmen's compensation relief the exclusive remedy against employers for work-related accidents. CL 1948, § 411.4, *supra; Balcer* v. *Leonard Refineries, Inc.* (1963), 370 Mich 531; *Moran* v. *Nafi Corporation* (1963), 370 Mich 536. Under the act, however, an injured employee retains a tort action against a wrongful third party who injures an employee on the job. CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).

A necessary question to resolution of this case is whether, for purposes of workmen's compensation, co-parties of a joint venture are employers of an employee hired by one of the parties. We have found no Michigan precedent on this point, and neither counsel's brief nor the trial judge's memorandum contain any relevant authority. The relationship in the joint venture of the co-parties to each other and to their respective employees was a matter of law requiring a decision by the trial court. *Utley* v. *Taylor and Gaskin, Inc.* (1943), 305 Mich 561. Because all of the parties to the joint venture are individually liable under the workmen's compensation act for any work-related injury to any employee of any of the parties to the joint venture while on the construction site, CL 1948, § 411.2 (Stat Ann 1960 Rev § 17.142[1]); 2 Larson, Workmen's Compensation, §§ 72.32–72.34, pp 177–181, they are also entitled to the defense of the workmen's compensation law in a tort action. The workmen's compensation remedy is the exclusive remedy and no other cause of action exists as to the co-parties to the joint venture.

Affirmed. No costs.

LESINSKI, C. J., and CANHAM, J., concurred.