Linda Frances Nichols

*v.*

Benco Plastics, Inc.

469 S.W.2d 135

(*Knoxville*, September Term, 1970.)

Opinion filed July 6, 1971.

Allen M. Elliott, Knoxville, for plaintiff in error.

Paul E. Parker, O'Neil, Parker & Williamson, Knoxville, for defendant in error.

Mr. Special Justice Luke M. McAmis delivered the opinion of the Court.

By Chapter 86, Acts of 1969, T.C.A. sec. 25-109, the Legislature conferred upon wives the right to sue for loss of consortium. At issue in this case is the right of a wife whose husband is covered by the Workmen's Compensation Act to sue for loss of consortium, notwithstanding T.C.A. sec. 50-908, providing:

"Right to compensation exclusive. The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, *dependents,* or next of kin, at common law *or otherwise,* on account of such injury or death." (Italics supplied)

Linda Frances Nichols sued Benco Plastics, Incorporated, alleging loss of consortium of her husband Henry J. Nichols who as the result of an accident while working in the industrial plant of defendant was rendered permanently and totally disabled.

Defendant filed a plea in abatement averring that at the time of the injury to plaintiff's husband the parties were governed by the Workmen's Compensation Act and that the husband of plaintiff was injured by accident arising out of and in the course of his employment. It was further averred that the employee has received and continues to receive Workmen's Compensation benefits as provided by the Act. The plea invoked the provisions of T.C.A. sec. 50-908 above quoted.

Plaintiff demurred to the plea in abatement and from the action of the Court overruling her demurrer plaintiff prosecutes this appeal.

In *Napier v. Martin,* 194 Tenn. 105, 250 S.W.2d 35, this Court held that under the provisions of the Workmen's Compensation Act above quoted the wife of an injured employee cannot maintain an action at common law for loss of services and consortium. For the wife, it was contended that since the enactment of the Woman's Emancipation Act, Chapter 126, Acts of 1919, the wife had the same right to sue at common law for loss of consortium as the husband. Without reaching that question the Court held that any right the wife might otherwise have had was cut off by the Workmen's Compensation Act under which the husband admittedly was being paid benefits. The Court reasoned:

"Code Sections 6858, 6879, 6880, 6883 and 6884 contain express provisions for the wife, children and all other dependents of an employee who dies as the result of injury received in a compensable accident thereby clearly evidencing a legislative intent to bring the entire family group of which the employee is the head within the purposes and coverage of the Workmen's Compensation Act."

Cases from other jurisdictions uniformly sustain the employer's right to invoke the immunity of the Act in actions by the wife or widow for loss of services and consortium on the ground that the right of the husband to benefits under the Act is exclusive not only as to him but where the Act so provides as to dependents as well. *Ziegler v. United States Gypsum Co.,* 251 Iowa 714, 102 N.W.2d 152; *McCain v. Travelers Ins. Co.,* La.App., 153

338

So.2d 124; *Roseberry v. Phillips Petroleum Co.*, 70 N. M. 19, 369 P.2d 403; *Moran v. Nafi Corp.*, 370 Mich. 536, 122 N.W.2d 800; *Balcer v. Leonard Refineries, Inc.*, 370 Mich. 531, 122 N.W.2d 805. And see 101 C.J.S. Workmen's Compensation sec. 980, p. 452; Anno. 104 A.L.R. 346.

 It is held that this provision of Workmen's Compensation legislation is not subject to attack on the ground that it violates the due process clauses of Federal and State constitutions and particularly the 14th Amendment to the Constitution of the United States because it is not a taking of a right without due process of law. *Holder v. Elms Hotel Company*, 338 Mo. 857, 92 S.W.2d 620, 104 A.L.R. 339. The spouse of an employee has no vested right to sue in tort for an act yet to be committed when the Act was passed. The legislature may abolish remedies recognized at common law and create new ones to attain a permissible legislative object. *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 58, 74 L.Ed. 221, 65 A.L.R. 939.

It is clear that by the Act of 1919 the Legislature intended to create rights in favor of the employee and his dependents in substitution for the right to sue in damages for an act of negligence committed by the employer and to protect the employer against being subjected to liability to dependents both at common law and under the compensation statute by taking away the right of dependents to sue at common law ''or otherwise''.

It results that the demurrer was properly overruled unless, as insisted, the 1969 Act giving the wife the right to sue for loss of consortium repealed by implication T.C.A. sec. 50-908 in so far as it purports to deprive the wife as a dependent of the right to sue for loss of consortium.

■ We begin our consideration of this question bearing in mind that repeals by implication are not favored and it is only where the terms of an earlier statute are completely irreconcilable with the provisions of a later enactment that the earlier statute can be said to have been repealed by implication. *Tennessee-Carolina Transp., Inc. v. Pentecost,* 211 Tenn. 72, 362 S.W.2d 461; *Mass. Mut. Life Ins. Co. v. Vogue,* 54 Tenn.App. 624, 393 S.W.2d 164.

"A general later law does not abrogate an earlier special one by mere implication." *Burnett v. Maloney,* 97 Tenn. 697, 37 S.W. 689.

After citing other cases to the same effect Mr. Justice Neil, later Chief Justice, in *Grubb v. Mayor and Aldermen,* 185 Tenn. 114, 122, 203 S.W.2d 593, quoted as "supporting authority" the following from Sutherland on Statutory Construction (3Ed.), Vol. 1, Section 2021:

"An implied repeal of prior statutes will be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of prior special or particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment. Therefore, where the later general statute does not propose an irreconcilable conflict, the prior special statute will be construed as remaining in effect as a qualification or exception to the general law."

This is the correct rule and a necessary corollary of the general rule that repeal by implication is not favored and will not be found except in cases of complete irreconcilability between the former and later statutes. See *State ex rel. Safley, Chairman,* 172 Tenn. 385, p. 389, 112

S.W.2d 831, citing, Black on Interpretation of Laws and Sedgwich on the Construction of Statutory and Constitutional Law.

■ To apply these principles to the case under consideration: The exclusion clause, T.C.A. sec. 50-908, is a special provision of an act dealing with the general subject of Workmen's Compensation. This special provision deals with ''dependents'' in the generic sense, without specific reference to the right of the wife or widow of the employee to sue at common law for loss of consortium. Its effect is limited to dependents of employees coming within the protection of the Workmen's Compensation Act. It would not apply to a wife whose husband was not so protected.

The later act, T.C.A. sec. 25-109, deals directly with an entirely different subject, namely, the general right of all wives without regard to the husband's employment or his right to Workmen's Compensation benefits, to sue for loss of consortium, the objective being to place wives on a parity with husbands who, under the common law, had the right to sue for loss of consortium.

Thus we have a special provision of a general enactment followed by a general statute dealing generally with the right of wives to sue for loss of consortium. Under the authorities the second enactment is not to be given the effect of repealing by implication the special provisions of the former act. The mind of the Legislature in passing the 1969 Act was directed to the broader subject and not to the special impediment of wives of employees coming under Workmen's Compensation. Nor can it be supposed that the Legislature by the 1969 Act intended in this indirect fashion to increase the liability

of employers subject to Workmen's Compensation liability. To so construe the 1969 Act would raise the constitutional question of the body of the Act being broader than the caption, a result always to be avoided if possible in the judicial construction of statutes.

Affirmed.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.