**STATE of Tennessee, Appellee,**

v.

**Claude W. McFARLAND, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 17, 1982.

Permission to Appeal Denied by Supreme Court June 14, 1982.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Derry Harper, Asst. Dist. Atty. Gen., Nashville, for appellee.

David Vincent, Nashville, for appellant.

OPINION

WALKER, Presiding Judge.

At the September term of the Davidson County Circuit Court, 1980, the appellant, Claude W. McFarland, was indicted for his fourth offense of driving while intoxicated. On his plea of guilty in the Fifth Circuit Court of Davidson County, the trial judge sentenced him to 11 months and 29 days in the county workhouse with all but 90 days suspended, prohibited him from driving for two years and placed him on probation for 11 months and 29 days. The trial judge also fined him $50 but released that fine.

In accordance with Rule 3(b)(2), T.R. A.P., with the consent of the state and the trial court, the appellant explicitly reserved for this court a certified question of law. That question is whether or not the judge of the Fifth Circuit Court of Davidson County had authority to impanel the grand jury which indicted him.

Acting under Supreme Court Rule 45 (now Rule 11), the presiding judge of the trial courts of Davidson County on June 15, 1977, entered a general order in the courts of record of that county ordering that the responsibility for trial of all new criminal cases of driving while under the influence of alcohol be transferred to the Fifth Circuit Court for disposition there.

The circuit court is a court of general jurisdiction and has exclusive original jurisdiction of all pleas of the state for crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided. T.C.A. 16–10–102. By Chapter 52 of the Private Acts of 1842, the Criminal Court of Davidson County was established and given exclusive jurisdiction over crimes and criminal offenses theretofore exercised by the circuit court.

Subsequently, the General Assembly enacted Chapter 31 of the Private Acts of 1849–50, Section 17, of which provides:

"SEC. 17. *Be it enacted,* That the judge of the circuit court of the county of Davidson shall have and exercise criminal jurisdiction, so far as to empanel a grand jury at the regular term of said circuit court; for the purpose of finding bills of indictment and presentment, and which

shall be immediately transferred upon the finding thereof, by the clerk of said circuit court, together with all papers that in any way appertain to the same, to the criminal court of said county for trial, and it is hereby declared to be the duty of the clerk of said criminal court, immediately upon the transfer of said bills of indictment and presentment, to issue capias upon the same, which shall be made returnable to the next regular term of said criminal court."

The state contends that this Act is still in effect and authorizes the Circuit Court of Davidson County to impanel a grand jury. The appellant insists that this Act was repealed by Chapter 73 of the Private Acts of 1920 creating Division II of the Criminal Court and by Chapter 53 of the Private Acts of 1947. We note that Chapter 169 of the Public Acts of 1967 created Division III of the Criminal Court.

If Chapter 31 of the Private Acts of 1849-50 has been repealed, it has been done so by implication. The 1920 Private Act split the criminal court into two divisions with coextensive jurisdiction. Prior to this Act the respective powers of the criminal court and the circuit court existed side by side. There is no conflict between the operation of the Private Act creating the new division and the Private Act authorizing the circuit court to impanel grand juries.

Chapter 53 of the Private Acts of 1947 provides for the jury commission of Davidson County, and the selection of juries in civil and criminal cases. Section 7 of that Act provides for selection of grand juries and foremen of those grand juries.

■ Repeals by implication are not favored and it is only where the terms of an earlier statute are completely irreconcilable with the provisions of a later enactment that the earlier statute can be said to have been repealed by implication. *Nichols v. Benco Plastics,* 225 Tenn. 334, 469 S.W.2d 135 (1971); *Hibbett v. Pruitt,* 162 Tenn. 285, 36 S.W.2d 897 (1931); *Balden v. State,* 122 Tenn. 704, 127 S.W. 134 (1909).

We do not think that the provisions of Chapter 31 of the Private Acts of 1849–50 are completely irreconcilable with the later Private Acts. Therefore the circuit judge was authorized to impanel the grand jury which indicted the appellant.

■ We hold that this was a de jure grand jury. Even the acts of a de facto grand jury are valid in the absence of fraud or prejudice. *State v. Jefferson,* 529 S.W.2d 674, 679 (Tenn.1975); *Flynn v. State,* 203 Tenn. 337, 313 S.W.2d 248 (1958).

Affirmed.

DUNCAN and SCOTT, JJ., concur.