POSNER *v.* MILLER.

1. JOINT ADVENTURES—CONTRACTS.

    The rights and obligations of parties to joint adventure are determinable according to the terms of their written agreement with respect to their relation, where the agreement is complete and comprehensive in form, subject to supplemental undertakings which might affect the nature and timing of relief grantable under bill for dissolution and accounting.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEW ISSUE.

    The Supreme Court will not decide a new issue between parties litigant that has not been considered by the trial court, where determination of such new issue would be controlling.

3. JOINT ADVENTURES—DISSOLUTION—DURATION.

    A joint adventure, like a partnership, may be dissolved by one of the parties thereto at his own will at any time, where the agreement controlling the relationship is silent as to duration.

4. SAME—DISSOLUTION—ACCOUNTING—DURATION.

    It was reversible error for trial court to dismiss bill against coadventurers for dissolution and accounting of joint adventure following a somewhat summary hearing, where controlling agreement was silent as to duration and no conduct on the part of plaintiff appears as calling for a decree turning him out of court.

5. SAME—DEATH—DISSOLUTION—CONTRACTS.

    The death of a coadventurer effects a dissolution of a joint adventure, where controlling agreement made no provision for continuing the arrangement after the death of either party.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Joint Adventures § 34 *et seq.*
[3, 4] 30 Am Jur, Joint Adventures § 28 *et seq.*
[5] 30 Am Jur, Joint Adventures § 29.

Appeal from Wayne; Targonski (Victor), J. Submitted January 27, 1959. (Docket No. 77, Calendar No. 47,916.)  Decided April 13, 1959.

Bill by Morris Posner against Philip J. Miller and Ernest P. LaJoie for dissolution of joint venture relative to real estate, for accounting and determination of liabilities.  Bill dismissed.  Plaintiff appeals. Reversed and remanded.

*Shapero & Shapero,* for plaintiff.

*Royal A. Oppenheim,* for defendant Miller.

BLACK, J.  This suit was brought by 1 of 3 coadventurers, Morris Posner, against the other 2, Philip J. Miller and Ernest P. LaJoie, to dissolve the venture and windup its affairs by means of a decreed accounting and sale of the venture-acquired subject matter.  Coadventurer LaJoie died prior to hearing below.  His position (presented by separately filed answer) was that plaintiff "is entitled to the relief prayed for * * * except that the said property should not be sold except under the offer made or one equally as good."  Coadventurer Miller, by his answer, denied that plaintiff was entitled "to any of the relief prayed for."  The bill, following what appears to be a somewhat summary hearing, was dismissed.  Plaintiff appeals.  LaJoie's executor, substituted as a party defendant pursuant to court rule, stands passive and has filed no brief.

According to plaintiff's bill and the findings of the chancellor, the named parties entered upon an agreement in writing, the design being that of acquisition of certain Wayne county real estate and formation of "a joint venture to promote their mutual interest in said property."  The instrument is complete and comprehensive in form.  The rights

and obligations of the respective parties were and now are determinable according to its terms, subject to supplemental undertakings which might affect the nature and timing of relief which, in our view of the case, is grantable under the bill as filed.

Disagreements arose as the project proceeded and prospered. Plaintiff by his bill and present appeal asks that the subject real estate be sold and the equities of the parties worked out by decree; whereas defendant Miller, referring to paragraph 6 of the agreement of venture,* insists:

"If plaintiff Posner wanted to sever his relationship with defendant Miller, he should have resorted to the means contemplated by the agreement, which permitted him to sell his interest on the terms set forth in paragraph 6 of the agreement."

As the briefs submitted to us proceed, it appears that counsel would have us decide a new issue, not considered below, and so have affirmance or reversal depending on our determination of such new issue. That issue, stated simply, is whether a court of equity may partition real estate among joint adventurers when their sole interest in such real estate is that of executory vendees. We decline consideration of such issue and would return the case to its original track, that of the right of one coadventurer to dissolution and winding up where, as here, the venture agreement contains no provision

---

* "6. It is further understood and agreed by and between the parties hereto that in the event any party shall sell or assign any part of his interest to any other person or persons in this project such sale or assignment shall be subject to the following conditions:

A. The consent of the remaining parties shall be necessary;

B. The remaining parties shall have a prior right or privilege to purchase all or any part of the interest offered for sale by the outgoing party upon the same terms and conditions which the outgoing party is willing to accept from a bona fide purchaser for value; and

C. The party purchasing the outgoing party's interest shall then and thereafter become and remain liable for all obligations of the outgoing party, as undertaken hereunder, in proportion to the interest so purchased."

as to the time during which it shall continue in force.

In the leading case of *Karrick* v. *Hannaman,* 168 US 328, 333, 334 (18 S Ct 135, 42 L ed 484), the rule to which we allude is given this way:

"It is universally conceded that a contract of partnership containing no stipulation as to the time during which it shall continue in force does not endure for the life of the partners, or of either of them, nor for any longer time than their mutual consent, may be dissolved by either partner at his own will at any time."

This is the Michigan rule, by statute (CL 1948, § 449.31 [Stat Ann § 20.31]) as well as the common law (*Atha* v. *Atha,* 303 Mich 611). Is the invoked jurisdiction of equity different, in the case of a joint adventure rather than that of a partnership?* We think not. In *Moore* v. *Hillsdale County Telephone Co.,* 171 Mich 388, 398 (quoted with approval in *Swan* v. *Ispas,* 325 Mich 39, 45), it was said:

"We are not required to give the association a name indicating its legal status. It is a joint adventure. For purposes of judicial control we regard it as nearest like a partnership. If there are reasons growing out of internal dissensions, or debts, or a failure to secure the joint benefit sought for by the associates, for the interference of a portion of its members in behalf of all of them in judicial proceedings, we have no doubt of the powers of a court of chancery to investigate and to grant relief as it would do in case of a partnership."

The decree of dismissal was erroneous. Instead the chancellor should have retained jurisdiction for the purpose of decreeing dissolution, accounting, sale and distribution, all according to the equity of the case as the same might appear as of conclusion of

---

* For careful review of the relation between partnerships and joint ventures, see Mr. Justice SMITH in *Van Stee* v. *Ransford,* 346 Mich 116.

requisite proofs. If it should develop, on remand as presently ordered, that an order of sale of the involved realty interests should be withheld pending better marketing conditions, doubtless that will be done. The important point is that plaintiff has shown to the court a right to dissolution under and in accordance with equitable principles, and that no conduct on his part appears as calling for a decree turning him out of court.

Dissolution has been effected, *pendente*, by the passing of coadventurer LaJoie. (See *Braddock* v. *Hinchman*, 78 NJ Eq 270 [79 A 419]; *Diederich* v. *Dempsey*, 298 Ky 323 [182 SW2d 393]; and *Roberts* v. *Weiner*, 137 Conn 668 [81 A2d 115].) In *Roberts* the following appears (p 672):

"While the death of one of the parties does not necessarily terminate a joint adventure, the death of the decedent did have that effect in the present case, where not only is there no claim to the contrary but the agreement called for continuing personal participation by the decedent, no definite term of duration was specified and no provision was made for continuing the arrangement after the death of either party."

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.