REED & NOYCE, INC v MUNICIPAL CONTRACTORS, INC

Docket No. 47715. Submitted November 12, 1980, at Lansing.—Decided May 5, 1981. Leave to appeal applied for.

This dispute arises out of a contract to construct a sanitary sewer disposal system for Bath Township, Michigan. Clinton County awarded Fisher Contracting Company a contract to construct a sanitary sewer disposal system. The county authorized Fisher to use Municipal Contractors, Inc. as a subcontractor. Fisher and Municipal entered into a joint venture agreement and subsequently executed a subcontract agreement which incorporated the provisions of the joint venture agreement for construction of the sewer project. Reed & Noyce, Inc. furnished material and equipment to Municipal for the sewer project. Reed & Noyce was unaware of any joint venture agreement between Municipal and Fisher when it extended credit to Municipal. Municipal subsequently failed to pay Reed & Noyce and defaulted in its obligations under the subcontract with Fisher. Fisher completed the project. Reed & Noyce brought suit against Municipal, Fisher, United States Fidelity & Guaranty Company as surety of Fisher, and Clinton County in Clinton Circuit Court for recovery of the amount due them on open account. Randy L. Tahvonen, J., entered an order dismissing the claims against USF&G and Clinton County. Judge Tahvonen directed Reed & Noyce to elect to proceed against either Municipal or Fisher. Reed & Noyce elected to proceed against Fisher and Judge Tahvonen entered an order dismissing Municipal as a defendant. Subsequently, Judge Tahvonen entered a judgment against Fisher. Fisher appeals, alleging that the joint venture agreement with Municipal was intended only to provide a vehicle for securing contracts and not for their performance. Reed & Noyce appeals the directed verdict granted to Clinton County and requests reinstatement of its

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Joint Ventures §§ 1–6.
[2] 46 Am Jur 2d, Joint Ventures § 36 *et seq.*
[3] 46 Am Jur 2d, Joint Ventures §§ 57–60.
[4] 76 Am Jur 2d, Trusts §§ 223–227.

claim against the county, if the judgment against Fisher is reversed. *Held:*

1. The trial court erred in finding that the joint venture agreement between Municipal and Fisher contemplated both acquisition and performance of construction contracts. The bidding transactions were the single business venture intended by Fisher and Municipal. It does not appear that profits and losses were to be shared in the agreement. Fisher never consented to paying for materials furnished to Municipal and neither Fisher nor Municipal had the authority to bind the other for payments to suppliers of materials since an undisclosed joint venturer is not liable to a third person when the parties to the joint venture have made an agreement which restricts the authority and liability of the undisclosed joint venturer.

2. Plaintiff does not have a valid claim against the county. While plaintiff could be a third party beneficiary to the contract between the county and Fisher, any such claim would have to be asserted against the promisor. In this case, Fisher and USF&G are the promisors. The trial court did not err in not imposing a constructive trust or an equitable lien upon the funds withheld from Fisher by the county since there is a statutory procedure which governs those proceedings and, although equity may impose a constructive trust even where a legal remedy exists, here there was no breach of a fiduciary or confidential relationship, misrepresentation, concealment, mistake, undue influence, duress or fraud.

Reversed.

1. JOINT ADVENTURES — WORDS AND PHRASES.

A joint adventure contemplates an enterprise jointly undertaken; it is an association of joint undertakers to carry out a single project for profit, and the profits as well as the losses are to be shared although the liability of a joint adventurer for a proportionate part of the losses or expenditures of the joint enterprise may be affected by the terms of the contract.

2. JOINT ADVENTURES — COMMON UNDERTAKING — COMMUNITY OF INTEREST.

There must be a contribution by the parties to a common undertaking and a community of interest as well as some control over the subject matter or property right of contract to constitute a joint adventure.

3. JOINT ADVENTURES — UNDISCLOSED JOINT VENTURERS.

An undisclosed joint venturer is not liable to a third person

where the parties to the joint venture have made an agreement which restricts the authority and liability of the undisclosed joint venturer.

4. EQUITY — CONSTRUCTIVE TRUSTS.

Equity may impose a constructive trust even where a legal remedy exists, but it must be based upon a breach of a fiduciary or confidential relationship, misrepresentation, concealment, mistake, undue influence, duress or fraud.

*Hubbard, Fox, Thomas, White & Bengston* (by *Jonathan R. White* and *Michael G. Woodworth),* for plaintiff.

*Smith & Brooker, P.C.* (by *Albert C. Hicks),* for Fisher.

*Jon W. Newman,* Prosecuting Attorney, for Clinton County.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

C. L. HORN, J. This is an appeal as of right by defendant Fisher Contracting Company of a judgment, after a bench trial, finding it liable to plaintiff in the amount of $26,765.24 plus costs. At trial, defendant Municipal Contractors, Inc. was in default. The trial court required plaintiff to choose to proceed either against defendant Fisher or defendant Municipal Contractors, Inc. Plaintiff elected to proceed against Fisher, and plaintiff's action against Municipal was dismissed. If the judgment against defendant Fisher is reversed, plaintiff appeals the directed verdict granted to defendant Clinton County and requests reinstatement of its claim against the county. No further proceedings involve defendant United States Fidelity & Guaranty Company.

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts indicate that defendant Fisher was awarded a general construction contract by defendant Clinton County to construct a sanitary sewer disposal system. Fisher was authorized by the county to use defendant Municipal as a subcontractor. Fisher and Municipal made a joint venture agreement for the purposes and terms set forth in that agreement. They subsequently executed a subcontract agreement incorporating the provisions of the joint venture agreement for construction of the sewer project. Plaintiff furnished material and equipment to Municipal for the project. Plaintiff was unaware of any joint venture agreement between Municipal and Fisher when it extended credit to Municipal. Municipal failed to pay plaintiff and defaulted in performance of its obligations under the subcontract with Fisher. Fisher completed the project. There is no dispute that the amount due plaintiff on open account is $26,765.24. Under the contract between Fisher and the county, payment of the disputed funds has been withheld.

It is defendant Fisher's position that the joint venture agreement was intended to provide a vehicle only for securing contracts and not for their performance. The trial court found as a fact that the joint venture agreement contemplates both acquisition and performance of construction contracts, and that Fisher is therefore responsible for Municipal's debt to plaintiff as a party to the joint venture. We respectfully reverse the trial court because, after a review of the entire evidence, we find a mistake has been committed in the finding of that fact. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

The trial court correctly stated the definition of a joint venture as it is set forth in *Hathaway v*

*Porter Royalty Pool, Inc,* 296 Mich 90, 102-103; 295 NW 571 (1941):

"It can be said that a joint adventure contemplates an enterprise jointly undertaken; that it is an association of such joint undertakers to carry out a single project for profit; that the profits are to be shared, as well as the losses, though the liability of a joint adventurer for a proportionate part of the losses or expenditures of the joint enterprise may be affected by the terms of the contract. See 17 Ann Cas 1022, 1025; 24 Ann Cas 202, 203, and 39 Ann Cas 1210, 1214. There must be a contribution by the parties to a common undertaking to constitute a joint adventure (see Anno: 63 ALR 909, 910); and a community of interest as well as some control over the subject matter or property right of contract. *Griffiths v Von Herberg,* 99 Wash 235 (169 P 587); *Darling v Buddy,* 318 Mo 784 (1 SW [2d] 163, 58 ALR 493)."

This definition is repeated in *Denny v Garavaglia,* 333 Mich 317; 52 NW2d 521 (1952), and *Summers v Hoffman,* 341 Mich 686; 69 NW2d 198 (1955). In *Hathaway, supra,* 102, the Court also said:

"The Courts have not laid down an exact definition of what constitutes a joint adventure nor is it possible to enunciate a general rule by means of which the question as to what amounts to a joint adventure can be answered, because such an answer depends largely on the terms of the particular agreement in controversy, upon the construction which the parties have given it, upon the nature of the undertaking, as well as upon other facts. See 30 Am Jur p 680."

We also find applicable the principle that, "the liabilities incurred by way of contract are more or less expressly fixed by the agreement of the parties concerned". Holmes, *The Common Law.*

In this controversy, there is no dispute that a

joint venture agreement was made. However, after reviewing the trial testimony and examining the joint venture agreement and the construction contract between Fisher and Municipal, we find that the bidding transactions were the single business venture intended by Fisher and Municipal. This is the stated purpose in paragraph 3 of the joint venture agreement. Paragraphs 3 and 6 of the joint venture agreement refer to future subcontracts between the parties which would govern performance of contracts awarded. The subsequent construction contract defines the performance that Municipal undertakes and clearly precludes any continuing joint venture between Fisher and Municipal.

Further, looking at the factors constituting a joint venture as defined in *Hathaway, supra,* it does not appear that profits were to be shared. According to the subcontract, Fisher received the entire amount, kept 5% and gave Municipal 95%. Depending upon its own business dealings with third parties, Municipal could either make a profit or suffer losses. No loss was shared. Also, as previously stated, it does not appear that Fisher and Municipal intended to create a joint venture for the construction of the sewer disposal system. The intent of the parties was to secure projects through bidding.

Defendant Fisher also claims error, if a joint venture is found to exist for the performance of the contract, in the trial court's legal conclusion that Fisher is liable for Municipal's debt to plaintiff when plaintiff did not have knowledge of or rely upon the joint venture agreement in extending credit to Municipal. Although our present finding disposes of plaintiff's claim against Fisher, we also respectfully reverse the trial court's said

conclusion. *American Mutual Liability Ins Co v Hanna, Zabriskie & Daron,* 297 Mich 599; 298 NW 296 (1941), sets forth the rule that an undisclosed joint venturer is not liable to a third person when the parties to the joint venture have made an agreement which restricts the authority and liability of the undisclosed joint venturer. This rule is an exception to the usual rule of partnership law that a member of a joint venture can bind his associate, whether disclosed or undisclosed, by such . contracts as are reasonably necessary to carry on the venture. The subcontract between Fisher and Municipal provides that Municipal agrees to make payments for material, such as the payments due plaintiff. Fisher never consented to paying any such accounts, and neither Fisher nor Municipal had the authority to bind the other for such payments under the subcontract.

Finally, we review plaintiff's claim against defendant Clinton County, now renewed because plaintiff's judgment against defendant Fisher has been set aside by this decision. Plaintiff first claims that under the authority of MCL 600.1405; MSA 27A.1405, and *Hub Electric Co v Aetna Casualty,* unpublished memorandum opinion and order, No. 74-10048, U.S. District Court, Eastern District of Michigan, Northern Division (1976), it is a third party beneficiary of the contract between Fisher and the county and that it, therefore, has a claim as to the funds owed by the county to Fisher. The trial court correctly found that plaintiff did not have such a claim against the county. While plaintiff could be a third party beneficiary to the contract between the county and Fisher, plaintiff is asserting the claim against the wrong party. Any such claim would have to be asserted against the promisor. In this case, the county is the promisee

and Fisher and the bonding agency are the promisors.

Plaintiff also argues that a constructive trust or an equitable lien should be imposed upon the funds withheld from Fisher by the county. We affirm the trial court's decision to deny this relief. As stated by the trial court, there is a statutory procedure which governs proceedings of the nature involved in this cause. See MCL 129.201 *et seq.;* MSA 5.2321(1) *et seq.* Although equity may impose a constructive trust even where a legal remedy exists, it must be based upon a breach of a fiduciary or confidential relationship, misrepresentation, concealment, mistake, undue influence, duress or fraud. *Grasman v Jelsema,* 70 Mich App 745; 246 NW2d 322 (1976). None of these factors exist in this case.

We have reviewed the exhaustive opinion in *Warren Tool Co v Stephenson,* 11 Mich App 274; 161 NW2d 133 (1968), cited by plaintiff, and do not find it applicable under the test set forth above.

Reversed. Any provisions of the circuit court judgment not specifically referred to in this opinion are affirmed. No costs in view of the public question.