BERGER v MEAD

Docket No. 63903. Submitted January 21, 1983, at Detroit.—Decided
    July 11, 1983. Leave to appeal applied for.

Ford D. Berger, a police officer employed by the Royal Oak Police
    Department, was seriously injured when shot during a training
    exercise being conducted by the South Oakland Tactical Sup-
    port Unit, a unit composed of police officers from several
    Oakland County communities. Berger, and his wife Peggy
    Berger, brought an action for damages against several commu-
    nities, police departments, and individuals. The Oakland Cir-
    cuit Court granted summary judgment in favor of all defen-
    dants. That judgment was appealed and the Court of Appeals
    reversed as to the claims against the individual defendants
    only. *Berger v City of Berkley,* 87 Mich App 361 (1978). Upon
    remand, at the time of trial seven individual defendants re-
    mained. The circuit court, Farrell E. Roberts, J., again granted
    summary judgment in favor of these defendants, holding that
    plaintiff's action is barred by the exclusive remedy provision of
    the Worker's Disability Compensation Act. Plaintiffs appeal.
    *Held:*

1. The prior decision of the Court of Appeals did not, con-
    trary to plaintiffs' allegations, mandate that the case must
    necessarily go before a jury.

2. The South Oakland Tactical Support Unit is a joint enter-
    prise. Utilizing the economic control test, plaintiff Berger is
    determined to have been an employee of the unit. The defen-
    dants were also employees of the unit. Therefore, because the
    defendants were all employed by the joint enterprise they were
    the plaintiff's co-employees and, as such, they are entitled to
    the protection of the exclusive remedy provision of the Work-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Joint Ventures § 1.
[2] 46 Am Jur 2d, Joint Ventures § 7.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions §§ 217, 218.
[4, 5] 53 Am Jur 2d, Master and Servant § 2.
    82 Am Jur 2d, Workmen's Compensation § 513.

er's Disability Compensation Act. Summary judgment was proper.

Affirmed.

1. JOINT ADVENTURES — QUESTION OF LAW.

A joint venture is an association to carry out a single business enterprise for a profit; the existence of a joint venture is a legal question for decision by the court.

2. JOINT ADVENTURES — ELEMENTS OF JOINT VENTURES.

The elements of a joint venture are: (a) an agreement indicating an intention to undertake a joint venture, (b) a joint undertaking, (c) of a single project for profit, (d) a sharing of profits as well as losses, (e) contribution of skills or property by the parties, and (f) community interest and control over the subject matter of the enterprise.

3. JOINT ADVENTURES — JOINT ENTERPRISES — MUNICIPALITIES.

Municipalities may form joint ventures if not otherwise barred by law; such an agreement, not entered into for profit, may be characterized as a joint enterprise.

4. WORKERS' COMPENSATION — ECONOMIC REALITY TEST.

The economic reality test is utilized to determine a plaintiff's employment status where the defendant asserts as a defense immunity under the Worker's Disability Compensation Act; the factors considered under this test are: (1) the right to control, (2) the payment of wages, (3) the right to hire, fire, and discipline, and (4) the performance of the duties as an integral part of the employer's business for the accomplishment of a common goal.

5. WORKERS' COMPENSATION — ECONOMIC REALITY TEST — TWO EMPLOYERS.

A person can work for two employers at the same time, for purposes of the application of the economic reality test to determine the person's employment status under the Worker's Disability Compensation Act.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Thomas M. Peters*), for defendants Daniel Mead and James Gudenburr.

*Tyler & Canham, P.C.* (by *David M. Tyler* and *Michael J. Walter),* for defendant Richard Howell.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt),* for defendant David Danaher.

*Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P.C.* (by *Ronald L. Cornell),* for defendant Frederick Kellogg.

*Thomas J. Ryan,* for defendant Larry Brown.

*Wilson, Portnoy & Leader, P.C.* (by *Robert P. Roth),* for defendant Raymond Marchewitz.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Occasionally, we on this Court find some opinions difficult to write. A party's injury can so strongly call for compensation that we feel strongly inclined to at least allow the case to go before a jury. Unfortunately, as in this case, the law is too clear on the subject. The Legislature has clearly pre-empted this area thus giving us very little leeway.

This is the second time this case is before this Court. The first time, the trial judge had dismissed the complaint against all defendants based on the Worker's Disability Compensation Act's exclusive remedy provision and on governmental immunity. In a split opinion, this Court held that some of the nondefaulting defendants were in fact entitled to governmental immunity. However, the judgment entered against the defendants in the present suit based on the Worker's Disability Compensation Act was reversed and the case remanded. *Berger v City of Berkley,* 87 Mich App 361; 275 NW2d 2

(1978). The Supreme Court denied leave. 406 Mich 969 (1979).[1]

On remand, after discovery was concluded, the trial court once again entered summary judgment for the remaining seven nondefaulting defendants based on the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). Plaintiffs again appeal as of right.

Plaintiffs first argue that this Court's first opinion precluded the trial court from entering summary judgment on this issue in this case. See *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454-455; 302 NW2d 164 (1981). Although three opinions were filed, all three judges agreed on the workers' compensation issue. Judge ALLEN's opinion stated:

"This author and Judge BRONSON, who writes separately, concur in the opinion of Judge T. M. BURNS except [the part dealing with governmental immunity]. * * * In all other respects we agree with Judge BURNS's opinion.[1]

"[1] Compatible with Judge BURNS's opinion we would: (as to Issue I) —reverse the judgments entered against those defendants who were defaulted, and remand to allow plaintiffs to move for entry of a default judgment or other appropriate relief; (as to Issue II)—remand to the trial court for determination by the trier of fact whether plaintiff was an employee of defendant; (as to Issue III)—reverse judgment in favor of the individual defendant and allow discovery and consideration of individual motions for summary judgment."

87 Mich App 367.

In remanding on the workers' compensation issue, Judge T. M. BURNS wrote:

[1] Originally, the trial court had additionally dismissed this suit against some defaulting defendants. This decision was also reversed. 87 Mich App 377-378. That part of our decision was not appealed. None of those defendants are a part of the present appeal; hence, this opinion does not apply to them.

"The appropriate question is who was plaintiff's employer? The answer to the question is determined by applying the 'economic reality' test. *Smith v Martindale,* 81 Mich App 682; 266 NW2d 49 (1978) *[lv den* 406 Mich 927 (1979)], and cases cited therein. It is only where it can be determined under this test that the defendants were plaintiff's employers or coemployees that the exclusive remedy provision would bar this suit.

"This present record is insufficient to make that determination. Certainly, referring only to the agreement between the municipalities, while important, will not completely answer the question. In a tort suit, as opposed to a worker's compensation hearing, the issue of whether plaintiff was an employee of the defendants should be submitted to the jury, under proper instructions, for determination based on all the evidence.[5]

---

"[5] This issue would be for the Court only if there are no disputed facts."

87 Mich App 379.

We cannot agree with plaintiffs. This Court remanded this case because the record was then insufficient to support the judgment that had been entered. Nothing in the opinion mandated that even if no factual dispute remained, this case necessarily must go before a jury. This conclusion is buttressed by Judge ALLEN's opinion:

"In summary, the grant of accelerated judgment in favor of the individual defendants is therefore reversed. The issue of individual negligence is remanded for trial. Before reaching this issue, however, the trial court will first have to determine whether the South Oakland Tactical Support Unit was a joint venture and whether plaintiffs are therefore barred from proceeding against the individual defendants by the exclusive remedy provision of the worker's compensation act. MCL 418.131; MSA 17.237(131)." 87 Mich App 371.

Plaintiffs also argue that the trial court improperly granted summary judgment claiming that

certain disputed questions of fact still existed. The trial court had determined that plaintiff[2] and defendants were all members of a joint venture. Therefore, because they were co-employees, defendants were covered by the Worker's Disability Compensation Act's exclusive remedy provision, MCL 418.131; MSA 17.237(131). *Holody v Detroit,* 117 Mich App 76; 323 NW2d 599 (1982); *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979).

Plaintiff was clearly injured during the scope of his employment. He was a police officer shot during a training exercise. Accordingly, as he points out, the crucial question is whether or not these defendants were his co-employees. At that time, plaintiff worked for the Royal Oak City Police Department. These defendants worked for other police departments in the area.[3]

Defendants claim that the South Oakland Tactical Support Unit is a joint venture and that, therefore, as co-employees in this joint venture, they are protected by the exclusive remedy provision. Basically, a joint venture is an association to carry out a single business enterprise for a profit. *Gleichman v Famous Players-Lasky Corp,* 241 Mich 266; 217 NW 43 (1928); *Georges v Ballard,* 20 Mich App 554; 174 NW2d 311 (1969). Whether or not a joint venture exists is a legal question for the trial court to decide. *Keiswetter v Rubenstein,* 235 Mich 36; 209 NW 154; 48 ALR 1049 (1926); *Birou v Thompson-Brown Co,* 67 Mich App 502; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976). A joint venture has six elements:

"(a) an agreement indicating an intention to undertake a joint venture;

---

[2] For simplicity, "plaintiff" will refer to plaintiff Ford Berger.

[3] Defendants Mead and Gudenburr worked for the Southfield City Police Department; Howell worked for Oak Park; Danaher (the squad leader) for Huntington Woods; Kellogg for Ferndale; Marchewitz for Farmington Township; and Brown for Beverly Hills.

"(b) a joint undertaking of
"(c) a single project for profit;
"(d) a sharing of profits as well as losses;
"(e) contribution of skills or property by the parties;
"(f) community interest and control over the subject matter of the enterprise." *Meyers v Robb,* 82 Mich App 549, 557; 267 NW2d 450 (1978), *lv den* 403 Mich 812 (1978).

The key consideration is that the parties intended a joint venture. *Goodwin v S A Healy Co,* 383 Mich 300; 174 NW2d 755 (1970); *Hathaway v Porter Royalty Pool, Inc,* 296 Mich 90; 295 NW 571; 138 ALR 955 (1941).

Although the first two and the last two elements are easily met, the middle two are not. Some cases have said that the profit motive is necessary for a joint venture. *Smith v Grenadier,* 203 Va 740; 127 SE2d 107 (1962); *George D Horning, Inc v McAleenan,* 149 F2d 561 (CA 4, 1945). See also *Reed & Noyce, Inc v Municipal Contractors, Inc,* 106 Mich App 113; 308 NW2d 445 (1981), *lv den* 413 Mich 880 (1982).[4]

However, a number of jurisdictions have labelled noncommercial joint ventures as joint enterprises. *E.g., Delgado v Lohmar,* 289 NW2d 479 (Minn, 1979); *Clawson v General Ins Co of America,* 90 Idaho 424; 412 P2d 597 (1966); *Bradbury v Nagelhus,* 132 Mont 417; 319 P2d 503 (1957). Actually, these two terms are often used interchangeably. *L M White Contracting Co v Tucson Rock & Sand Co,* 11 Ariz App 540; 466 P2d 413 (1970); *Connor v Great Western Savings & Loan Ass'n,* 69 Cal 2d

---

[4] Some cases have held, however, that a strictly financial profit is not always necessary. *Summers v Hoffman,* 341 Mich 686; 69 NW2d 198; 48 ALR2d 1033 (1955); *Moore v Hillsdale County Telephone Co,* 171 Mich 388, 398; 137 NW 241 (1912). But the joint ventures in these cases were still commercial.

850, 863, fn 6; 73 Cal Rptr 369; 447 P2d 609; 39 ALR3d 224, 232, fn 6 (1968). Looking at the Michigan cases shows that this statement is true. *E.g., Laughlin v Michigan Motor Freight Lines,* 276 Mich 545; 268 NW 887 (1936); *Flager v Associated Truck Lines, Inc,* 52 Mich App 280; 216 NW2d 922 (1974), *lv den* 392 Mich 810 (1974). In *Boyd v McKeever,* 384 Mich 501, 508-509; 185 NW2d 344 (1971), our Supreme Court defined joint enterprise (in a somewhat different context):

> "To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be a community of interest in the use of the vehicle; there must be a finding of common responsibility for its negligent operation; and it must be found that the driver is acting as the agent of the other members of the enterprise."[5]

Each case depends on its own facts. 46 Am Jur 2d, Joint Ventures, § 1, p 22. Looking at the facts in this case, we can only conclude that the South Oakland Tactical Support Unit is a joint enterprise. The community of interest among the different municipalities in the area is obvious. Pursuant to the South Oakland County Reciprocal Police Aid Agreement, each city or township supplied police officers to the unit and agreed to pay its own officers' salaries to build a unit which would respond to possible civil unrest. The agreement

---

[5] The *Boyd* test, obviously, defines a joint enterprise between a car driver and passenger. Almost all cases dealing with joint enterprises have dealt with such a situation. 48A CJS, Joint Ventures, § 3, p 395, fn 24. But municipalities may form joint ventures if not otherwise barred by law. *Ecorse v Peoples Community Hospital Authority,* 336 Mich 490, 501; 58 NW2d 159 (1953); *Ragsdale v Hargraves,* 198 Ark 614; 129 SW2d 967; 123 ALR 993 (1939). Such a joint enterprise has generally "been defined as an undertaking to carry out a small number of acts or objectives, which is entered into by associates under such circumstances that all have an equal voice in directing the conduct of the enterprise". 48A CJS, Joint Ventures, § 3, p 395.

clearly shows a common responsibility among the municipalities in running the unit; each municipality has an equal voice in directing the unit's conduct.

The next question is whether or not plaintiff was an employee of this joint enterprise. In determining employment status once the affirmative defense of immunity under the Worker's Disability Compensation Act is asserted the economic reality test is applied. *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979); *Berger, supra,* 87 Mich App 379. The four factors under this test are: 1) the right to control; 2) the payment of wages; 3) the right to hire, fire, and discipline; and 4) the performance of the duties as an integral part of the employer's business for the accomplishment of a common goal. *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976). The test views these factors as a whole assigning primacy to no single one. *Wells v Firestone Tire & Rubber Co,* 97 Mich App 790; 296 NW2d 174 (1980); *Choate v Landis Tool Co,* 486 F Supp 774, 777, fn 3 (ED Mich, 1980). In determining whether or not the joint enterprise was plaintiff's employer:

"Even where the evidentiary facts are undisputed, it is improper to decide the matter as one of law if a jury could draw conflicting inferences from the evidentiary facts and thereby reach differing conclusions as to ultimate facts." *Nichol, supra,* 406 Mich 301-302.

When plaintiff was injured, he was working for the Royal Oak Police Department. However, a person can work for two employers at the same time. *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982); *Renfroe v Higgins Rack Coating & Mfg Co, Inc,* 17 Mich App 259; 169 NW2d 326 (1969).

After looking through the record, we are constrained to conclude that the only reasonable inference that can be drawn from the undisputed facts is that on the day plaintiff was injured he was employed not only by the Royal Oak Police Department but also by the South Oakland Tactical Support Unit.

*Right of control.* While plaintiff was there, he was under the command of the unit. As such, he followed the orders of the chain of command. At the time, plaintiff was also under Royal Oak's control. But, while there, he followed the unit's orders. See *Farrell, supra,* pp 276-277.

*Payments of wages.* Royal Oak paid plaintiff's wages. However, this payment was a part of Royal Oak's responsibility as a part of the unit. Each city was obligated, as long as it was in the unit, to pay its own officers' salaries. As such, the unit in fact paid plaintiff's wages while he was there.

*The right to hire, fire and discipline.* In his deposition, plaintiff admitted that, while he was working in the unit, the unit had the right to discipline him.

*The performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal.* The performance of the duties assigned to the unit's members constituted an integral part of the joint venture's business in accomplishing the goal of the unit: to provide mutual aid protection to each of the unit's municipalities. Because plaintiff and defendants worked for the unit, they were all co-employees of the joint enterprise.[6] Therefore, defendants are

[6] Looking at the undisputed facts in a common sense way leads us to no other conclusion. Plaintiff was working that day; defendants were also working that day. All eight were working for the same employer—the unit. Therefore, plaintiff and defendants were co-employees.

entitled to the exclusive remedy provision's protection. *Goodwin v S A Healy Co,* 13 Mich App 514, 518; 164 NW2d 693 (1968), *rev'd on other grounds* 383 Mich 300; 174 NW2d 755 (1970); *Felder v Old Falls Sanitation Co, Inc,* 39 NY2d 855; 352 NE2d 131; 386 NYS2d 214 (1976); *Guilbeau v Liberty Mutual Ins Co,* 338 So 2d 600 (La, 1976).

Affirmed.